UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ORLANDO BALDERAS GUERRERO,<br><br>                              Defendant. | Case No.:  18-CR-1895 AJB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br>**(ECF No. 82)** |

This matter comes before the Court on Defendant's Motion (ECF. No.82).

On August 6, 2020 defendant, through appointed counsel, filed a motion for a reduction of sentence based on health circumstances. (ECF. No. 58) A hearing date and briefing schedule was set, the Government opposed the motion, and the Defendant replied to the opposition. The Court found no need for oral argument and vacated the hearing and took the motion under submission.

The motion is brought under 18 U.S.C. 3582(c)(1)(A). Defendant has not met the statutory exhaustion requirement as the briefing makes clear. On that basis, the Motion is denied. Even if the exhaustion requirement had been met, the Court does not find that "extraordinary and compelling reasons to warrant a reduction in sentence under the applicable policy statements issued by the sentencing commission." 18 U.S.C. 3582

(c)(1)(A)(i). The policy statements invoke the 18 U.S.C. 3553(a) factors. The Defendant bears the burden to establish he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The facts in dispute are thoroughly laid out in the motion papers and exhibits and will not be restated fully here. The defendant seeks relief due to his medical history of contraction of COVID-19 and his concerns over re-infection. Bureau of Prisons has found Defendant ineligible for release to home confinement given his recidivism score. Also of significance, is that the Bureau of prisons has designated Defendant for RRC placement as of August 13, 2020. (ECF. No. 47 at 7.)

Defendant's request for a sentence reduction is denied. He has not demonstrated "extraordinary and compelling reasons" warranting release. As explained above, under the relevant provision of § 3582(c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. USSG § 1B1.13, cmt. n.1(A).

For that reason, to state a cognizable basis for a sentence reduction based on a medical condition, a defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

USSG 1B1.13, cmt. n.1(A). If a defendant's medical condition does not fall within one of the categories specified in the application note (and no other part of the application note applies), his or her motion must be denied.

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not fall into either of those categories and

therefore, could not alone provide a basis for a sentence reduction. The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597; see also *Eberhart*, 2020 WL 1450745 at *2 ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

To classify COVID-19 as an extraordinary and compelling reason would not only be inconsistent with the text of the statute and the policy statement but would be detrimental to BOP's organized and comprehensive anti-COVID-19 regimens, could result in the scattershot treatment of inmates, and would undercut the strict criteria BOP employs to determine individual inmates' eligibility for sentence reductions and home confinement. Section 3582(c)(1)(A) contemplates sentence reductions for specific individuals, not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a world-wide viral pandemic.

Defendant has not provided sufficient documentation for his asserted medical condition and therefore cannot meet his burden to establish his entitlement to a sentence reduction on that ground alone.

IT IS SO ORDERED.

Dated:  October 21, 2020

Hon. Anthony J. Battaglia
United States District Judge